## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **NUTRACEUTICAL CORPORATION, a Delaware corporation, and NUTRAMARKS, INC., a Delaware corporation,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **LIFE BASICS, LLC, an Illinois limited liability company,** <br><br> **Defendant,** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 17-CV-5980 <br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS NUTRACEUTICAL CORPORATION AND NUTRAMARKS, INC.'S COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiffs Nutraceutical Corporation and NutraMarks, Inc. (collectively "Nutraceutical" or "Plaintiffs") through its counsel MAGLEBY CATAXINOS & GREENWOOD and IRWIN IP LLC, alleges and complains against Defendant Life Basics, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.      In this action, Plaintiffs seek injunctive and monetary relief for trademark infringement, unfair competition under the Federal Trademark Act, 15 U.S.C. § 1051 *et seq.,* and cancellation of Defendant's LIFE BASICS registration pursuant to 15 U.S.C. §§ 1052(d) and 1119, based on Plaintiffs' senior rights in the LIFE'S BASICS Mark.

### PARTIES

2.      Plaintiff Nutraceutical Corporation is a Delaware corporation with its principal place of business at 1400 Kearns Boulevard, Park City, Utah 84060.

3.      Plaintiff NutraMarks, Inc. is a Delaware corporation having its principal place of business at 1500 Kearns Boulevard, Park City, Utah, 84060.  NutraMarks is a wholly-owned subsidiary of Nutraceutical Corporation and owns the trademark rights and assets used by Nutraceutical Corporation.

4.      Defendant Life Basics, LLC is an Illinois limited liability company, with its principal place of business at 444 Lake Cook Road, Suite 14, Deerfield, Illinois 60015.

## JURISDICTION AND VENUE

5.      This action arises and is brought under the Lanham Act, 15 U.S.C. § 1125.

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 USC § 1331, and 28 U.S.C. § 1338 because this action arises under the laws of the United States and relates to trademarks.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

8.      This Court has personal jurisdiction over Defendant because Defendant's principal place of business is located within this district.

## FACTUAL ALLEGATIONS

<u>Registration and Use of the LIFE'S BASICS Trademark</u>

9.     Nutraceutical, either itself or through one or more of its affiliates or predecessors in interest, has used the LIFE'S BASICS mark in commerce in the United States since at least as early as January 11, 1999.

10.     The LIFE'S BASICS mark has been used to market and sell nutritional and dietary supplements, such as nutritional drink and beverage mixes, since its first use in January 11, 1999.

11.     Nutraceutical's use of the LIFE'S BASICS mark extends nationwide and has created nationwide common law rights, which rights arose on the date of its first use.

12.     On January 11, 1999, Nutritional Specialties, Inc. filed for registration of the mark "LIFE'S BASICS" with the United States Patent and Trademark Office.

13.     The LIFE'S BASICS mark was duly registered on October 24, 2000, registration number 2,398,602.   A true and correct copy of the Registration Certificate of the Mark is attached as Exhibit 1 and is hereby incorporated by reference.

14.     Nutraceutical, either itself or through its affiliates or predecessors, has been continuously marketing and selling various nutritional supplements nationwide and using the LIFE'S BASICS mark since its first use in commerce.

15.     Nutraceutical's federal registration and common law rights in the LIFE'S BASICS mark are collectively referred to as the "LIFE BASICS Mark."

Assignment of the LIFE'S BASICS Mark to Nutraceutical

16.     On October 9, 2009, Nutritional Specialties, Inc. and Baywood International, Inc. assigned their entire interest in the LIFE'S BASICS Mark to Nutraceutical.  A true and correct copy of the Trademark Assignment is attached hereto as Exhibit 2 and is incorporated by reference.

17.     As a result of the Trademark Assignment, Nutraceutical is the sole owner of the registered LIFE'S BASICS Mark and all common-law rights associated therewith.

18.     Since the assignment, Nutraceutical has continued to use the Mark in connection with the sale of nutritional and dietary supplements, including without limitation, the sale of nutritional protein drink mixes that are consumed as a nutritional vegetarian beverage.

19.     Among other things, Nutraceutical has used the LIFE'S BASICS Mark to market and sell nutritional and dietary supplements to the general public through various channels, including without limitation in brick-and-mortar stores and online through such websites as www.iherb.com and www.amazon.com.

Defendant's Infringement of Nutraceutical's Trademark

20.     Defendant began using the mark LIFE BASICS on or around March 1, 2014 in its business of marketing and selling tea-based iced beverages on or around March 1, 2014.

21.     Defendant's infringing LIFE BASICS mark is identical in sight, sound, and meaning with only the removal of the apostrophe and 'S' from Nutraceutical's LIFE'S BASICS Mark.

22.     Defendant's use of the infringing LIFE BASICS mark began after the LIFE'S BASICS Mark was registered with the United States Patent and Trademark Office.

23.     Defendant markets and sells nutritional beverages using the infringing LIFE BASICS mark that are related to the products marketed and sold by Nutraceutical, which products include nutritional beverages.

24.     Defendant uses the same channels of trade as Nutraceutical, by offering its products bearing the infringing mark online and in health stores where Nutraceutical's products are sold.

25.     Although Nutraceutical's product is sold as a powder and Defendant's products are sold as ready to drink beverages, both Defendant's products and Nutraceutical's product are vegetarian beverages marketed to health-conscious consumers.

26.     As a result, Defendant markets and sells its products using the infringing mark to the same type of consumers as those that purchase Nutraceutical's products.

27.     Nutraceutical has not licensed or otherwise agreed to allow Defendant to use the Mark.

<u>Defendant's Application for Registration</u>

28.     On May 15, 2014, Defendant applied for registration of the mark "LIFE BASICS" with the United States Patent and Trademark Office ("USPTO"):



29.     Upon information and belief, Defendant failed to inform the USPTO of Nutraceutical's senior rights in and registration for its LIFE'S BASICS Mark for competitive

dietary and nutritional supplements and, instead, falsely represented to the USPTO that there were no other users of marks so resembling its infringing LIFE BASICS mark as to be likely to cause confusion.

30. Based on Defendant's failure to inform the USPTO of Nutraceutical's senior rights, Defendant's infringing LIFE BASICS mark was registered on August 11, 2015, with registration number 4,788,419. A true and correct copy of Defendant's trademark registration is attached as Exhibit 3 and is hereby incorporated by reference.

31. Due to the similarity in the marks, the products, the trade channels, and other relevant factors, Defendant's use of the infringing LIFE BASICS mark is likely to cause confusion among consumers as to the source, origin, or affiliation of Defendant's products.

<u>Defendant's Infringement is Willful</u>

32. On June 30, 2015 Nutraceutical sent a demand letter ("Demand Letter") to Defendant. A true and correct copy of the Demand Letter is attached as Exhibit 4 and is hereby incorporated by reference.

33. The Demand Letter informed Defendant that Nutraceutical is the registered owner of the LIFE'S BASICS Mark and that Defendant's use of the infringing LIFE BASICS mark infringed upon Nutraceutical intellectual property rights in the LIFE'S BASICS Mark. *See id.*

34. The Demand Letter also informed Defendant that use of the infringing mark was likely to cause confusion because the infringing mark is identical in sight, sound, and meaning with only the removal of the apostrophe and 'S' from Nutraceutical's LIFE BASICS Mark. *See id.*

35. Nutraceutical demanded that Defendant cease use of the infringing mark. *See id.*

36.     On July 8, 2015, Defendant sent a responsive letter to Nutraceutical ("Defendant's Letter"), in which Defendant refused to cease its use of the infringing mark.  A true and correct copy of Defendant's Letter is attached as Exhibit 5 and is hereby incorporated by reference.

37.     Despite being notified that its use of the infringing LIFE BASICS mark infringes on Nutraceutical's LIFE'S BASICS Mark, Defendant has continued to use the infringing mark in marketing and selling its products.

38.     Defendant had constructive knowledge of the LIFE'S BASICS Mark and Nutraceutical's exclusive right to use the LIFE'S BASICS Mark as early as 2014.

39.     Defendant had actual knowledge of the LIFE'S BASICS Mark and Nutraceutical's exclusive right to use the LIFE'S BASICS Mark as of July 2015.

40.     Upon information and belief, Defendant's intentional use of the infringing LIFE BASICS mark is done with the intent to mislead the public into believing that Defendant's products are in some way sponsored by, affiliated with, or connected to Nutraceutical's products, which are advertised and sold under the LIFE'S BASICS Mark.

41.     Upon information and belief, Defendant's acts in adopting confusingly similar marks to the LIFE'S BASICS Mark were knowingly, deliberately, and intentionally carried out in bad faith or with reckless disregard for or with willful blindness to Nutraceutical's rights and were done for the purpose of causing confusion and/or trading on the LIFE'S BASICS Mark, Nutraceutical's reputation, and the goodwill associated with the LIFE'S BASICS Mark.

<u>Defendant Adopts an Infringing Domain Name</u>

42.     Upon information and belief, Defendant registered the lifebasicsorganics.com domain name on April 4, 2014 (the "Infringing Domain").  A true and correct copy of the Whois Record for lifebasicsorganics.com is attached hereto as Exhibit 6 and is hereby incorporated by reference.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement – 15 U.S.C. § 1114)**

43.     Nutraceutical hereby incorporates by reference the allegations contained in the above paragraphs.

44.     Defendant does not have authorization to use the LIFE'S BASICS Mark.

45.     The LIFE'S BASICS Mark is distinctive and entitled to protection as a trademark pursuant to 15 U.S.C. § 1127.

46.     Nutraceutical owns the LIFE'S BASICS Mark.

47.     Nutraceutical has obtained nationwide common law rights in the LIFE'S BASICS Mark by virtue of its use of the LIFE'S BASICS Mark in commerce.

48.     The LIFE'S BASICS Mark has been properly registered with the United States Patent and Trademark Office.

49.     Registration of the LIFE'S BASICS Mark constitutes prima facie evidence of the validity, ownership, and right to exclusive use of the LIFE'S BASICS Mark, and provides constructive notice of ownership.

50.     Nutraceutical's registration for its LIFE'S BASICS Mark has achieved incontestability status under 15 U.S.C. § 1065 and 1115(b) and therefore constitutes conclusive

evidence of the validity of the mark and registration, and of Nutraceutical's exclusive right to use the Mark in connection with the goods set forth in the registration.

51.     Defendant has used and continues to use the LIFE'S BASICS Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services, including with regard to goods that compete with goods offered by Nutraceutical.

52.     Defendant's continued use of the LIFE'S BASICS Mark is likely to cause confusion among consumers as to the source of the parties' respective goods and services.

53.     Defendant's unauthorized use of the LIFE'S BASICS Mark is in violation of the Lanham Act, 15 U.S.C. § 1114(1).

54.     Defendant's continued use of the LIFE'S BASICS Mark is willful and/or in bad faith because Defendant received both constructive and actual notice of Nutraceutical's ownership and registration of the LIFE'S BASICS Mark.

55.     As a direct and proximate result of Defendant's unauthorized use of the LIFE'S BASICS Mark, Nutraceutical has suffered irreparable injuries and damages in an amount to be proven at trial.

56.     Pursuant to 15 U.S.C. § 1116(a), Nutraceutical is entitled to an injunction prohibiting Defendant from further using the LIFE'S BASICS Mark.

57.     Pursuant to 15 U.S.C. § 1117(a), Nutraceutical is entitled to recover the profits Defendant has derived in connections with its unauthorized use of the LIFE'S BASICS Mark.

58.     Pursuant to 15 U.S.C. § 1117(a), Nutraceutical is entitled to recover its damages incurred as a result of Defendant's unauthorized use of the LIFE'S BASICS Mark.

59.     Pursuant to 15 U.S.C. § 1117(b), Nutraceutical is entitled to recover treble damages from Defendant.

60.     Pursuant to 15 U.S.C. § 1117(a), Nutraceutical is entitled to recover the attorney fees and costs incurred in pursuing this claim.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition under 15 U.S.C. § 1125 *et seq*)**

61.     Nutraceutical hereby incorporates by reference the allegations contained in the above paragraphs.

62.     This is a claim for unfair competition, arising from Defendant's unlawful acts, including, without limitation, use of a false designation of origin that is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Defendant's conduct also constitutes an attempt to trade on the goodwill that Nutraceutical has developed in the LIFE'S BASICS Mark.

64.     Upon information and belief, Defendant is using a deliberate and intentional design to cause confusion and mistake to deceive purchasers, which includes, without limitation, the use of the infringing LIFE BASICS mark.

65.     By its conduct, Defendant has caused Nutraceutical irreparable harm, damage, and injury, including to the value and goodwill of Nutraceutical's LIFE'S BASICS mark, as well as to Nutraceutical's business, goodwill, and reputation.

66.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

67.     Nutraceutical has no adequate remedy at law.

68. Such actions constitute unfair competition and are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

69. Upon information and belief Defendant's conduct is part of a deliberate plan to trade on the valuable goodwill established therein and was done for the intentional purpose of misleading the public into believing that Defendant's products are in some way sponsored by, affiliated with, or connected to the Nutraceutical's products advertised and sold under the LIFE'S BASICS Mark, all of which are contrary to fact and irreparably harmful to Nutraceutical's reputation and the goodwill it has developed.

70. Nutraceutical has been and will continue to be irreparably harmed by Defendant's conduct unless this Court enjoins Defendant from their unlawful conduct pursuant to 15 U.S.C. § 1116.

71. As a result of Defendant's deliberate and willful conduct, Nutraceutical is entitled to damages, Defendant's profits, attorneys' fees and costs and any and all other relief authorized by 15 U. S. C. § 1117.

**THIRD CLAIM FOR RELIEF**
**(Federal Cybersquatting under 15 U.S.C. § 1125(d))**

72. Nutraceutical hereby incorporates by reference the allegations contained in the above paragraphs.

73. This is a claim for cybersquatting, arising from Defendant's registration, trafficking, and/or use of the Infringing Domain.

74. Defendant is not authorized to use the LIFE'S BASICS Mark, or any confusingly similar mark, with any Internet domain name, or as a portion of any Internet domain name.

75.     The Infringing Domain is phonetically virtually identical to Nutraceutical's LIFE'S BASICS Mark and, as a whole, is confusingly similar to Nutraceutical's LIFE'S BASICS Mark.

76.     Defendant has a bad faith intent to profit, and has profited, from the LIFE'S BASICS Mark by the registration, trafficking, and/or use of the Infringing Domain.

77.     Defendant's registration, trafficking, and/or use of the Infringing Domain constitutes cybersquatting, in violation of 15 U.S.C. § 1125(d).

78.     By its conduct, Defendant has caused Nutraceutical irreparable harm, damage, and injury, including to the value and goodwill of Nutraceutical's LIFE'S BASICS Mark, as well as to Nutraceutical's business, goodwill, and reputation.

79.     Upon information and belief, Defendant will continue to commit the acts complained of in this Complaint unless restrained and enjoined by this Court.

80.     Nutraceutical has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Trademark Cancellation under 15 U.S.C. § 1119)**

81.     Nutraceutical hereby incorporates by reference the allegations contained in the above paragraphs.

82.     Nutraceutical possess prior and senior rights to the LIFE'S BASICS Mark.

83.     A substantial likelihood of confusion, mistake, or deception exists based on Defendant's use of the infringing LIFE BASICS mark.

84.     Due to Nutraceutical's prior and senior rights, any trademark registrations or application for LIFE BASICS should be cancelled pursuant to 15 U.S.C. § 1052(d).

85.     Pursuant to 15 U.S.C. §§ 1064 and 1119, this Court should direct the USPTO to cancel all trademark registrations owned by Defendant that use the term LIFE BASICS or LIFE'S BASICS, including but not limited to registration number 4,788,419.

## PRAYER FOR RELIEF

WHEREFORE Nutraceutical, requests the entry of a judgment in its favor and against Defendant Life Basics, LLC as follows:

1.     Grant permanent injunctive relief enjoining Defendant and each of its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with them, from:

      a.     imitating, copying, duplicating, manufacturing, producing, circulating, or otherwise making any use of the LIFE'S BASICS Mark or any mark confusingly similar to the LIFE'S BASICS Marks;

      b.     using any unauthorized copy or colorable imitation of the LIFE'S BASICS Marks or using any false designation of origin or description, in such fashion as is likely to relate or connect Defendant with Nutraceutical or cause confusion;

      c.     engaging in any other activity constituting unfair competition or infringement of the LIFE'S BASICS Marks or Nutraceutical's rights in, or to use, or to exploit the same; and

      d.     assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in paragraphs (a) – (c) above.

2.     Find that Defendant is liable for the causes of action alleged against it in this Complaint.

3.     Order Defendant to transfer to Nutraceutical, or its designee at its election, the Infringing Domain, and all other domain names that Defendant owns that are identical to,

contain, or are confusingly similar to the LIFE'S BASICS Marks, pursuant to 15 U.S.C. § 1125(d)(1)(C).

4.     Grant an order requiring Defendant and its principals, directors, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with Defendant who receive actual notice of said order to deliver up, or at Nutraceutical's election, certify the destruction of, all promotional, advertising, product, packaging, and any other materials of any kind bearing the LIFE'S BASICS Marks and any other mark confusingly similar to the LIFE'S BASICS Marks.

5.     Award to Nutraceutical monetary damages in an amount to be fixed by the Court in its discretion as just including, but not limited to, all of the Defendant's profits or gains of any kind resulting from Defendant's willful infringement and/or acts of unfair competition, and any damages Nutraceutical suffered as a result of Defendant's actions, said damages to be trebled, and Nutraceutical's costs, exemplary damages, and reasonable attorney's fees in view of the intentional nature of the acts complained of in this Complaint and the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a)-(b), and applicable common law, state statute and federal law.

6.     At Nutraceutical's election at any time prior to judgment in this matter, award to Nutraceutical instead of actual damages for cybersquatting, statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 per infringing domain name.

7.     Order Defendant to conduct corrective advertising sufficient to inform the consuming public that there is no connection between Nutraceutical and Defendant.

8.      Award Nutraceutical pre- and post-judgment interest on any monetary award made part of the judgment against Defendant.

9.      Order forfeiture or cancellation of the Domain or the transfer of the Infringing Domain to Nutraceutical.

10.     Order cancellation of registration number 4,788,419 based on Nutraceutical's prior and senior ownership rights in the LIFE'S BASICS Mark.

11.     Grant to Nutraceutical such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

DATED this   16th   day of August, 2017.

_____

Reid Huefner
IRWIN IP LLC
1333 Burr Ridge Parkway, Suite 200
Burr Ridge, IL 60527
Telephone:  630-756-3100
*rhuefner@irwinip.com*

Peggy A. Tomsic
Kennedy D. Nate
MAGLEBY CATAXINOS & GREENWOOD
170 S. Main Street, Suite 1100
Salt Lake City, UT 84121
Telephone:  801-359-9000
*tomsic@mcgiplaw.com*
*nate@mcgiplaw.com*

*Attorneys for Plaintiff Nutraceutical Corporation*
*and NutraMarks, Inc.*